Opinion filed December 1, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed December 1, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00270-CR 

 

                                                    __________

 

                                 TYRELL SHAWN WHITE, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 350th District Court

 

                                                          Taylor
County, Texas

 

                                                   Trial
Court Cause No. 6457-D

 



 

                                                                   O
P I N I O N

 

The jury convicted Tyrell Shawn White of the
offense of burglary of a habitation.  The
trial court found the enhancement allegations to be true and assessed appellant=s punishment at confinement for 40
years.  We affirm.  








Appellant presents two issues for appellate
review.  In the first issue, he complains
of the trial court=s
omission of an element of the offense from the application paragraph of the
jury charge.  In the second issue,
appellant argues that the evidence is legally and factually insufficient to
show that he did not have effective consent to enter the house.  

A person commits the offense of burglary Aif, without the effective consent of
the owner,@ a
person:

(1) enters a habitation, or a building (or any
portion of a building) not then open to the public, with intent to commit a
felony, theft, or an assault; or

 

(2) remains concealed, with intent to commit a
felony, theft, or an assault, in a building or habitation; or

 

(3) enters a building or
habitation and commits or attempts to commit a felony, theft, or an assault.

TEX. PEN. CODE ANN. '
30.02 (Vernon 2003).  Appellant was
charged by indictment pursuant to Section 30.02(a)(1) with Aintentionally and knowingly enter[ing]
a habitation without the effective consent of DAVID HICKS, the owner thereof,
with intent to commit theft.@

To determine if the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  To determine if the evidence is factually
sufficient, we must review all of the evidence in a neutral light and determine
whether the evidence supporting guilt is so weak that the verdict is clearly
wrong and manifestly unjust or whether the evidence contrary to the verdict is
so strong that the beyond-a-reasonable-doubt burden of proof could not have
been met.  Zuniga v. State, 144
S.W.3d 477 (Tex.Cr.App.2004); Ross v. State, 133 S.W.3d 618
(Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis
v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). 
In addressing appellant=s
sufficiency challenges, we must measure the sufficiency of the evidence by the
hypothetically correct jury charge for this case.  Malik v. State, 953 S.W.2d 234, 240
(Tex.Cr.App.1997); see Curry v. State, 30 S.W.3d 394
(Tex.Cr.App.2000).  








The record shows that David Fitzgerald Hicks and
his girlfriend, Christina Hale, returned home from work on a Saturday afternoon
to find a car parked in their driveway. 
Hicks confronted the man sitting in the driver=s
seat of the car.  About that time,
appellant came walking out of the house with his hand on a gun that was
sticking out of his pants.  Appellant
seemed agitated and demanded to know where Clayborne Baity was.  Baity had previously leased the house from
Hicks. Appellant said that Baity owed him money.  Hicks explained that he did not know where
Baity was and that Baity owed him money too. 
Appellant pulled a sawed-off shotgun from the car and advanced toward
the house again, but appellant apparently noticed that Hale was on the phone
calling the police.  Appellant got in the
car and left the premises.  Hicks pursued
and got the license plate number of the car.

Hicks, Hale, and the officer who responded to the
burglary call testified that the house had been ransacked inside.  The door to the house had been pried open --
as evidenced by the fresh pry marks. 
Hicks did not know appellant and had not given appellant permission to
enter the house.  Hale testified that
someone had gone through every room and every closet.  Some jewelry had been stolen, and other items
belonging to Hicks and Hale had been put into laundry baskets and stacked near
the door.

Appellant called Baity to testify regarding
consent.  Baity testified that he had
lived in Hicks=s house
but had moved out just before Christmas. 
Baity also testified that, sometime in December, Baity gave appellant
permission to enter the house to retrieve a microwave.  According to Baity, he had purchased a
microwave from appellant on credit but could not pay for it, so he told
appellant to go to the house and get it.

Hicks and Hale testified that Baity had moved out
and vacated the premises by the end of November 2002.  Hicks and Hale moved back into the house at
the end of November or the first of December, and Hicks changed the locks.  The burglary occurred on January 11, 2003.

We hold that the evidence is both legally and
factually sufficient to show that appellant, without the effective consent of
the owner, entered the house with the intent to commit theft.  Hicks, the owner, did not consent to the
entry; and, at the time of the burglary, Baity was no longer authorized to give
effective consent for appellant or anyone else to enter the house.  Moreover, lack of consent was shown by the
fresh pry marks, the stolen items, the condition of the inside of the house,
and appellant=s use of
a gun.  Appellant=s
second issue is overruled.  








In his first issue, appellant contends that the
trial court failed to apply the law to the facts in the jury charge.  Appellant specifically complains of the omission
of the Aeffective
consent@ element
from the application paragraph.  The
application paragraph of the jury charge authorized the jury to find appellant
guilty if it found that he Adid...intentionally
and knowingly, with intent to commit theft, enter a habitation owned by DAVID
HICKS, the owner thereof, with intent to commit theft.@
As conceded by the State, the statutory element that the entry must be Awithout the effective consent of the
owner@ was
inadvertently omitted from the application paragraph, although it was included
in the indictment and elsewhere in the charge.

Because appellant did not object to the jury
charge at trial, we must determine whether the error was so egregious that
appellant was denied a fair and impartial trial.  Almanza v. State, 686 S.W.2d 157, 171
(Tex.Cr.App.1985).  The actual degree of
harm must be examined in light of the entire jury charge, the state of the
evidence including the contested issues and the weight of probative evidence,
the argument of counsel, and any other relevant information revealed by the
record as a whole.  Almanza v. State,
supra.  

The record shows that other portions of the jury
charge referenced Aeffective
consent.@  The first paragraph of the jury charge
provided: 

Our law provides that a person
commits the offense of burglary if, without the effective consent of the owner,
he or she enters a habitation with intent to commit theft or any felony.

AEffective
consent@ was
thereafter defined twice in the charge. 
Furthermore, the indictment properly charged appellant with all elements
of the offense, and the jury found appellant guilty Aas
alleged in the indictment.@  The evidence at trial showed that appellant
did not have Hicks=s consent
to enter the house and that, even if Baity had previously consented, that consent
was no longer authorized.  Moreover, the
evidence was uncontroverted that the door had been pried open and that
appellant was carrying a weapon while inside the house.  Furthermore, defense counsel agreed that
consent was not a controverted issue in this case.  During closing argument, defense counsel
stated: 

Let me cut to the chase, ladies
and gentlemen, and get right down to the heart of it.  He did not have permission to go in that
house.  That=s agreed.  I=m
not going to argue that.  But...they have
to prove that he went in there with the intent to commit theft.  (Emphasis added) 








Based upon our review of the record pursuant to Almanza,
we hold that the error in the jury charge did not cause egregious harm and that
appellant was not denied a fair and impartial trial.  Appellant=s
first issue is overruled.  

The judgment of the trial court is affirmed.  

 

JIM R. WRIGHT

CHIEF JUSTICE

 

December 1, 2005  

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall, J., and Strange, J.